# JOSEPHINE McLEAN, Administratrix, etc.

### *v.*

# J. C. BURBANK et al.

In an action under Sec. 3, Chapt. 68, Comp. Stat., against common carriers of passengers, it was undisputed that the accident was occasioned by the uncoupling of the coach, and its precipitation into the river while being driven on to a ferry boat, and that the occurrence transpired on the road while the coach was in transit, and the driver in his place in charge of the horses, and the passengers inside the coach. The plaintiff requested the court to charge the jury as follows: " Proof that the plaintiff's intestate was a passenger of the defendants, and that the accident occasioned the death, devolves upon the defendants the burden of exonerating themselves by proof of diligence;" which the court refused. *Held:* that the proposition embraced in this request must be considered, not as an abstract question, but as a statement of the law applicable to this case under the evidence, and that it was erroneous to refuse to charge as requested.

The plaintiff further requested the court to charge the jury, "that if the jury found from the evidence that the place of crossing the ferry at the time of the accident was one of danger, and on account of there being no lights on the coach, or no notice being given to the passengers, of the approach to the ferry, so that they might have got out, or been apprized of their danger, the highest degree of vigilance and caution was not used by the agents of the defendants in warning the passengers, it is evidence of negligence," etc.; which was refused. *Held:* that the facts embraced in the request are at least evidence of negligence in the defendants, and the instruction should have been given by the court.

The defendants requested the court to charge the jury, " that common carriers of passengers are liable only for the want of such care and diligence as is characteristic of cautious persons; and that in this case, unless there was a want of such care and diligence, the defendants are not liable;" which was charged by the court. *Held:* that the instruction was erroneous; that it does not impose upon the carrier extraordinary diligence, nor hold him liable for the slightest negligence, but would require only ordinary diligence.

McLean v. Burbank.

The term "directly" is sometimes used in the sense of proximately; and where the court charged the jury, "that unless the death in this case was caused directly and primarily by some wrongful act or omission on the part of the defendants as such common carriers of passengers, the defendants are not liable for such death, and the plaintiff cannot recover," the verdict will not be disturbed, unless there is something in the case which shows that injury resulted to the plaintiff from the charge given.

The defendants further requested the court to charge the jury, "if the said death occurred after the passengers and stage were in possession and charge of the ferryman, or while they were in such possession and charge, the defendants are not liable;" which was given by the court, with the following qualifications: "that if they were in the ferry boat, and the accident occurred by negligence of the ferryman, without participation of defendants, they are not liable." *Held:* that the charge was erroneous.

The defendants were a stage company, and common carriers of passengers from La Crosse to St. Paul; the ferry at which the accident happened was on and constituted part of the route taken by the defendants; they were not the owners of the ferry, but paid ferriage, and the coach in fact passes over the ferry; the plaintiff's intestate was a passenger, having engaged and paid the usual fare for one seat and passage in the coach from La Crosse to St. Paul; there was no notice to the passengers of the intervention of any other carrier than the defendants. *Held:* under this state of facts, that, as to the passengers, the ferry company are the employees and agents of the defendants, and the latter are responsible for the acts of the ferryman or ferry company, as for any other of their employees or agents.

The law imposes upon the common carrier of passengers the greatest care and foresight for the safety of his passengers, and holds him liable for the slightest neglect.

It is incumbent on the carrier to give notice to passengers of places in the road, the passage of which is attended with more than ordinary danger, or requires special care or caution on the part of passengers, and the neglect to give such notice will render the carrier liable in case of injury.

The defendants in this action were common carriers of passengers. In March, 1862, one Mathew McLean took passage on defendants' stages from La Crosse to St. Paul, paying the usual fare. At Hastings, on the way to St. Paul, while the coach was being driven upon the ferry boat, which crosses the Mississippi river at that point, as the hind wheels struck the boat, it swung out from the shore, the coach was uncoupled

from the fore wheels, and was precipitated into the river; McLean, being at the time inside the coach, was drowned. This action was brought by the personal representatives of the deceased, under Sec. 3, Chapt. 68, Pub. Stat., which is as follows : " When the death of one is caused by the wrongful act or omission of another, the personal representatives of the former may maintain an action against the latter, if the former might have maintained an action, had he lived, against the latter for an injury caused by the same act or omission." * * * The case was tried in the District Court for Washington county. At the close of the testimony, the plaintiff's counsel submitted several propositions of law to the court, requesting the court to give them in its charge. The first proposition was, " proof that the plaintiff's intestate was a passenger of the defendants, and that the accident occasioned the death, devolves upon the defendants the burden of exonerating themselves by proof of diligence." The third as follows : " that if the jury find that the ferry boat was removed from its usual landing to a place more exposed and dangerous, and the defendants' agents so knew ; or that the boat was insecurely attached to the shore ; or that the coach was insecurely attached to the forward axle, or overloaded, or improperly loaded with baggage or otherwise, or without light ; or that each or any of the facts so found might have been prevented by the use of the highest vigilance and caution ; and either of said facts contributed to the accident, without fault of the plaintiff's intestate, the defendants are liable." The fourth as follows : " that if the jury find from evidence that the place of crossing the ferry, at the time of the accident, was one of danger, and that, on account of there being no lights on the coach, or that on account of there being no notice given to the passengers of the approach to the ferry, so that they might have got out, or been apprized of their danger, and that the highest degree of vigilance and caution was not used by the agents of the defendants in warning the passengers, it is evidence of negligence, as are the acts and

omissions recited in the last preceding request." The court refused to charge the first and fourth propositions, and the plaintiff excepted.

The defendant requested the court to charge the jury, among other things—

*First,* "That common carriers of passengers are liable only for the want of such care and diligence as is characteristic of cautious persons, and that, in this case, unless there was a want of such care and diligence, the defendants are not liable."

*Second,* "That unless the death in this case was caused directly and primarily by some wrongful act or omission on the part of the defendants, as such common carriers of passengers, the defendants are not liable for such death, and the plaintiff cannot recover."

*Fourth,* "If the said death occurred after the passenger and stage were in the possession and charge of the ferryman, or while they were in such possession and charge, the defendants are not liable." The first and second requests were given by the court. The fourth was given with the following qualification: "That if they were in the ferryboat, and the accident occurred by negligence of the ferryman, without participation of defendants, they are not liable;" to all of which the plaintiff excepted. The only exceptions on the trial were those taken to the charge of the court. After the jury retired, they returned into court and said: "The jury are in doubt as to when the liability of the ferry company attached." The court instructed the jury "that this question depended upon the particular circumstances of each case." The jury, after again retiring, brought in a verdict for the defendants.

The plaintiff moved the court for a new trial, upon the following, among other grounds:

"The court erred in giving the charges to the jury at request of defendants' counsel, and excepted to by plaintiff's counsel.

"The court erred in refusing to grant the requests made by plaintiff's counsel, and excepted to."

The motion was granted by the court, and from the order granting the same the defendants appeal to this court.

Lorenzo Allis, for appellant.

I.   The granting or refusing of a new trial is not now a matter of mere discretion with the District Courts, for the statute in either case gives an appeal to this court; that is, this court is now vested with the right and *duty* of reviewing the action of the District Courts, either in granting or refusing a new trial.   Sec. 11, Subd. 4, p. 622 Comp. Stat.; Sess. Laws 1861, p. 133.

II.   Was the verdict against the law?

The defendants were carriers of passengers for hire, and were, of course, liable as such in the premises.

As such carriers they were required to exercise such care and diligence as are "characteristic of cautious persons."

But the liability of common carriers of passengers, differs in an important and essential respect, from the liability of the common carriers of goods.

The latter are responsible for any loss or injury to the goods carried by them, whether caused by their fault or otherwise, except it happen by the act of God or the public enemy. They are *insurers*.

Carriers of passengers are only liable when the injury or death results from their *fault*.   They are in no sense *insurers*. They stand in exactly the same position of other persons; they are liable for their *torts*.   It is true the law imposes a higher degree of skill and diligence upon them than it does upon private or gratuitous carriers, as it does upon all persons who hold themselves out as possessing peculiar capacity or skill for the exercise of a particular calling; and hence the *failure* to exercise such skill or capacity constitutes a tort in their case.

When, therefore, an injury or death happens to passengers by the fault of the carrier, the latter is liable because he has committed a *tort*, not because he has committed a *breach* of the contract of carrying, or of affreightment.

Before, therefore, the carrier of passengers can be held liable for death or injury occurring to a passenger, it must be shown that such death or injury resulted by the *fault* of such carrier. The death or injury must be the *act* of the carrier, either by his wrongful commission or his wrongful omission. Angell on Carriers, Sec. 521-3; Sec. 570 and authorities there cited; Story on Bailment, Secs. 499, 590, 601-2; *Holbrook v. Utica and Sch. R. R. Co.*, 2 Kernan, 242; *Lockhart & Frew v. Lichtenhuler*, Sup. Ct. of Penn. American Law Reg., Nov., 1864, p. 15 and notes to the same; *Bowen v. N. Y. C. R. R. Co.*, 18 N. Y. 408; *Halderman v. Berkwetre*, 4 McLean, 292; *Tourtellot v. Rosebrook*, 11 Metc. 460; Angell on Carriers, Sec. 165; *Pomeroy v. Donaldson*, 5 Missouri 36.

The first instruction asked by the plaintiff, to-wit, "Proof that the plaintiff's intestate was a passenger of the defendants, and that the accident occasioned the death, devolves upon the defendants the burden of exonerating themselves by proof of diligence," would doubtless be correct with a small but most material emendation. For example: Proof that the plaintiff's intestate was a passenger of the defendants, and that an accident, *caused by the defendants*, occasioned the death, devolves upon the defendants the burden of exonerating themselves by proof of diligence. This would probably be law.

As the instruction was asked, however, it was necessarily refused, as it assumes that the accident *was caused* by the defendants, or was their work or act, which was really the whole question of the case—the real point at issue in the whole trial.

If a passenger is injured or killed by reason of some act of the carrier—by reason of something done or omitted to be

McLean v. Burbank.

done on the carrier's part, then, without doubt, it devolves upon such carrier to show that he was not in fault in the premises ; that the injury or death occurred notwithstanding the exercise on the carrier's part of all due diligence, caution and skill. But until it be shown that the injury or death was caused by some act or omission on the part of the carrier, the burden of exonerating himself therefrom, of course is not upon him.

The mere occurrence of an injury or death to a person while a passenger, proves nothing against the carrier, and imposes on him no burden of proof in the premises. If the most elementary principles of evidence and jurisprudence do not sufficiently establish this proposition, the case of *Holbrook v. Utica and Sch. R. R. Co.*, 2 Kernan, (12 N. Y.) p. 242, directly in point, certainly does establish it.

Brisbin & Warner, for respondent.

1. The respondent insists that the true rule as to how the burden of proof should be distributed, is contained in the request of the plaintiff at the trial, viz :

" Proof that the plaintiff's intestate was a passenger of the defendants, and that the accident occasioned the death, devolves upon the defendants the burden of exonerating themselves by proof of diligence."

This is in the precise language, *mutatis mutandis*, of the text of 2 Hilliard on Torts, p. 578, supported by a reference to the case in note, of *Galena, etc., v. Yarwood*, 19 Ill.

" The mere happening of an injurious accident raises, *prima facie*, a presumption of neglect, and throws upon the carrier the *onus* of showing it did not exist." Quoted from opinion of Bell, Judge, 8 Barr's Pa. Rep. 479, cited in 2 Am. Railway Cases, p. 378, *Laing v. Colden et al.* Vide, also, *Dudley v. Smith*, 1 Camp. 167 ; *Derwort v. Loomer*, 21 Conn. 245 ; *Maury v. Tallmadge*, 2 McLean, 157 ; *Christie v. Griggs*, 2

Campbell, 79; *Carfine v. The L. & B. Ry. Co.*, 52 B. 747; *Skinner v. London & Brighton Ry.*, 2 E. L. & E. 360; *Ward v. Grey*, 11 Pick. 106; *Stokes v. Saltonstall*, 13 Peters; *McKenney v. Neil*, 1 McLean, 540; *Brehm v. Great Wn. R. R. Co.*, 34 Barb. 256.

2. The defendants were bound to exercise the highest degree of human foresight and precaution, and are chargeable for the slightest negligence. *Boyce v. Anderson*, 2 Peters, 150; *Derwort v. Loomer*, 21 Conn. 246; Parsons on Cont., Vol. 2, 5 ed., p. 220, note p. 221; *Laing v. Colder*, 8 Penn. State 479; 2 Am. Railroad Cases, 378; 8 Barr 479.

Mr. Edwards, in his work on bailments, states the doctrine thus: "*In passing a place of danger, it is the duty of the carriers to give the passengers notice thereof, so as to give them the option of proceeding or not ; and the notice must be given in plain terms, so as to afford an opportunity of avoiding the danger.*" Edwards on Bailments, p. 601; *Dudley v. Smith*, 1 Campbell R. 167; Jeremy on Carriers, 29; *Maury v. Tallmadge*, 2 McLean, 157; Greenleaf on Evidence, 2 Vol., Sec. 222; 9 Metcalf, 1, 15; Kent's Com., 2 Vol., 2 ed., p. 601, 602; 5 ed. 2 Parsons on Contracts, all of Sec. 14 of Chap. 11 and notes; 13 Peters, 181; 13 Ills. 509; 8 Barb. S. C. R. 470; 16 Ib. 113; 22 Ib. 574, 586, and cases cited *supra*.

3. If the accident resulted from the carelessness of the ferry company, the defendants are liable.

It is sufficient, without a further general review of the facts hereabout, to quote from the argument of adverse counsel: "The defendants were carriers of passengers; the plaintiff's intestate lost his life, not by any immediate or direct act or negligence of defendants, but by the immediate and direct act or negligence of a third party, viz, the ferry company or ferryman."

"If a common carrier, who undertakes to transport goods for hire from one place to another, and 'deliver to address,' in-

serts a clause in the receipt, signed by him alone, and given to the person entrusting him with the goods, stating that the carrier is '*not to be responsible except as a forwarder,*' this restrictive clause does not exempt the carrier from liability for the loss of goods, occasioned by the carelessness or negligence of the employees on a steamboat owned and controlled by other parties. The managers and employees of the steamboat are, in legal contemplation, the managers and employees of such carrier." Am. Law Register, Nov. No. 1865, p. 16; *Hooper v. Wells, Fargo & Co.*, Supreme Court of California."

"*A railroad company are responsible for an injury sustained by a passenger in their cars, in consequence of the careless management of a switch, by which another railroad connects with and enters their road, although the switch is provided by the proprietors of the other road, and attended by one of their servants at their expense.*" 1 Am. R. R. Cases, 591, being case of *Daniel McElroy and wife v. The Nashua and Lowell R. R. Corporation*, 4 Cushing, 400; 20 Penn. State, 497, 467; 8 N. Y. 430-4-5; 1 Bos. & Pul. 409; 23 Pick. 24; 15 Ib. 297; 19 N. H. R. 427; 2 E. D. Smith, 254; 5 Cushing, 69; 39 Maine, 276.

4. The court erred in refusing the first request asked by the plaintiff.

We have fully discussed the point under point No. one, subdivision one, which see, with authorities cited. The party who has the burden in a case uncertain or balanced, must fail, hence the prejudice.

5th. The court erred in denying the fourth request of the plaintiff's counsel, in the following words, viz: "That if the jury find from the evidence that the place of crossing the ferry at the time of the accident was one of danger, and that on account of there being no lights on the coach, or that on account of there being no notice given to the passengers, of the approach to the ferry, so that they might have got out, or

been apprized of their danger, and that the highest degree of vigilance and caution was not used by the agents of the defendants in warning the passengers, it is evidence of negligence, as are the acts and omissions recited in the last preceding request."

If there was nothing else in the case, there *can be no doubt* that a new trial should be awarded for this error—as grave and palpable as can be well conceived. It was nothing more than a collation from leading cases, from the doctrines of which there is no dissent in the books. If we had asked the court to charge that these facts being found, or *at least* the one referring to want of the highest vigilance and caution in warning the passengers, at the place of danger, as a *question of law, made the defendants liable,* and such a charge had been refused, it would have been error, in view of the cases cited from Edwards on Bailments, 8 Barr, 2 Campbell, &c. We simply asked that they be declared evidence. It requires no argument. To borrow of the adversary, it is "elementary and axiomatic." Vide cases cited under point No. 2, Subn. No. 2, especially 8 Penn St.; 8 Barr, and Edwards on Bailments.

6th. The court below erred in granting the second request of defendants, in these words : "That unless the death in this case was caused *directly* and *primarily* by some wrongful act or omission on the part of the defendants, as common carriers of passengers, the defendants are not liable, and the plaintiff cannot recover in this action."

7th. The court erred in allowing the fourth request of defendant's counsel, with the qualification given.

*By the Court*—McMILLAN, J.—This is an appeal by the defendants from an order of the District Court, granting a new trial. The only exceptions on the trial were those taken to the charge of the court to the jury.

It is unnecessary, in the view we take of this case, to discuss the weight of evidence, and as the case may again come before a jury, we refrain from any comments on the facts, as developed on the trial, but rest the case upon the questions of law involved in it.

The first request submitted by the plaintiff, was as follows: "Proof that the plaintiff's intestate was a passenger of the defendants', and that the accident occasioned the death, devolves upon the defendants the burden of exonerating themselves, by proof of diligence." This request was refused, to which refusal the plaintiff excepted.

The proposition contained in this request, must be considered, not as an abstract question, but as a statement of the law applicable to this case, under the evidence received upon the trial. It is undisputed that the accident was occasioned by the uncoupling of the coach, and its precipitation into the river, while being driven on to the ferry boat, and that the occurrence transpired on the road, while the coach was in transit, the driver in his place in charge of the horses, the passengers inside of the coach. Whatever may be the general rule as to the presumption of negligence in the carrier of passengers, the circumstances in this case, as developed on the trial, are clearly sufficient, in view of any of the authorities, to justify the charge as requested. "Where any damage or injury," says Story, "happens to the passengers by the breaking down or overturning of the coach, or by any other accident on the road, the presumption, *prima facie* is, that it occurred by the negligence of the coachman, and the *onus probandi* is on the proprietors of the coach to establish that there has been no negligence whatever." Story on Bailments, Sec. 601; *Stokes v. Salstenstall*, 13 Pet. 181; *Christie v. Grigg*, 2 Camp. 79; *Ware v. Gray*, 11 Pick. 106; *Laing v. Colder et al*, 8 Penn. St. R. 481; *Brehm v. Great West. R. Co.*, 34 Barb. 270. The defendant's counsel urges that the request assumes that the accident was caused by the defendants, or was their

work or act, which is the point at issue; this we think is erroneous; upon the facts proved, we think the burthen of proof that it was not the act of the defendants, was upon the defense. But at all events, in the view we take of the liability of the defendants for an accident on the ferry boat, the proposition was clearly correct. It was therefore erroneous to refuse the instruction requested.

The fourth request of the plaintiff was as follows: "That if the jury find from the evidence, that the place of crossing the ferry at the time of the accident, was one of danger, and on account of there being no lights on the coach, or that on account of there being no notice given to the passengers of the approach to the ferry, so that they might have got out, or been apprised of their danger, and that the highest degree of vigilance and caution was not used by the agents of the defendant in warning the passengers, it is evidence of negligence, as are the acts and omissions in the last preceding request." The court refused the instruction, and the plaintiff excepted.

The law imposes upon the common carrier of passengers, the greatest care and foresight for the safety of his passengers, and holds him liable for the slightest neglect. This duty and responsibility exists not only in respect to the vehicle, but to every means and instrument used or embraced by the carrier in the transportation, and extends throughout the entire journey. Story on Bailments, Sec. 601; 1 Pars. on Conts. 690; 2 Kent, 602, (marg.); 2 Greenl. Ev. Sec. 222; *McElroy et ux v. N. & L. R. Corp.*, 4 Cush. 400. This embraces the duty of giving notice to the passengers, of places in the road, the passage of which is attended with more than ordinary danger, or requires special care or caution on the part of the passengers, and the neglect of the carrier to give the notice, will render him liable in case of injury. *Maury v. Talmadge*, 2 McLean, 164; *Laing v. Colder*, 8 Penn. St. R. 483; Story on Bailments, Sec. 598 and authorities cited; 2 Greenl. Ev., Sec. 221; *Stokes*

McLean v. Burbank.

*v. Saltenstall*, 13 Pet. 192. The facts referred to and embraced in the request under consideration, are at least evidence of neglect, and although the proposition as contained in the paper book is not clearly expressed, it was no doubt understood at the trial, by counsel of both parties, as a request to charge that the facts mentioned in the request are evidence of negligence in the defendants. This being the case, the instruction should have been given.

The first request submitted by the defendants, was as follows: "That common carriers of passengers are liable only for the want of such care and diligence as is characteristic of cautious persons, and that in this case, unless there was a want of such care and diligence, the defendants are not liable," which was charged by the court, and the plaintiff excepted. This, we think, is not an accurate statement of the law with respect to the liability of common carriers of passengers. As we have already seen, they are held to the *greatest* care and foresight, for the safety of the passengers. This is a greater degree of care and diligence than that stated in the request. The language of the instruction is too restrictive; it would not impose upon the carrier *extraordinary* diligence, nor hold him liable for the slightest negligence; but would require only *ordinary* diligence. Story on Bailments, Secs. 11–17; 2 Greenl. Ev., Sec. 253, n. 2. Although the language in the request is substantially that of a learned judge, in an action against a carrier, it is to be observed that the action was for the loss of baggage only, and the court was not called upon, and did not intend to, lay down a rule as to the extent of the liability of the common carrier of passengers, except so far as to illustrate the liability of the common carrier of goods. 13 Wend. 629.

The second request submitted by defendants' counsel, was, "That unless the death in this case was caused directly and primarily by some wrongful act or omission on the part of the defendants, as such common carriers of passengers, the defendants are not liable for such death, and the plaintiff cannot

recover;" which was given by the court, and the plaintiff excepted. If we are to construe this instruction as meaning that the defendants were liable only for the immediate results of their acts or omissions, as distinguished from the consequential results of such acts or omissions, and that the defendants are not liable, although the death may have been the consequence of their act or omission, it is clearly wrong. This term "directly," however, is sometimes used in this connection, in the sense of proximately, 46 Penn. R. 164, and with this signification is correct. Therefore, unless there is something in the case to show that injury has resulted to the plaintiff from the charge given, we do not feel at liberty to disturb the verdict on this ground, inasmuch as the plaintiff could have had the instruction made more definite by a distinct request.

The fourth request submitted by the defendant was as follows: "If the said death occurred after the passengers and stage were in possession and charge of the ferryman, or while they were in such possession and charge, the defendants are not liable;" which was given by the court, with the following qualifications: "that if they were in the ferry-boat, and the accident occurred by negligence of the ferryman without participation of defendants, they are not liable;" to which, as given, the plaintiff excepted. There is no doubt it was the intention by this instruction, to charge the jury that the ferryman was not the agent of the defendants, and that they were not liable for his acts in the premises; that as to the plaintiff, the responsibility of the defendants and the ferryman were entirely distinct, and so the jury evidently understood the charge of the court, for after retiring for deliberation, they returned into court, and in response to a question by the judge, a member of the jury said, "the jury are in doubt as to when the liability of the ferry company attached."

We think the court erred in the instruction given. The defendants were a stage company, and common carriers of

passengers from La Crosse to St. Paul. The plaintiffs' intestate was a passenger, having engaged and paid the usual fare for one seat and passage in the coach from La Crosse to St. Paul; the ferry at which the accident occurred is on and constitutes part of the route taken by the defendants in this instance between these termini; the ferry is not owned by the defendants, but they pay their ferriage, and the coach in fact passes over the ferry. The contract between the stage company and the passenger is for the entire route from one terminus to the other; there is no notice to the passengers of the intervention of any other carrier than the stage company; the contract clearly embraces the entire distance between the termini; another route exists which might have been taken by the defendants, and by which the ferry might have been avoided. Under this state of facts, as to the passengers, the ferry company are the employees and agents of the defendants, and the latter are responsible for the acts of the ferryman or ferry company, as for any other of their employees or agents. *McElroy and wife v. Nashua & L. R. Corp.*, 4 Cush. 402; *Hooper v. Wells, Fargo & Co.*, 27 Cal. 11, both opinions; *Campbell v. Perkins et al.*, 8 N. Y. 433; *Fairchild v. Slocum*, 19 Wend. 331; *Weed v. S. & T. R. R. Co.*, Ibid. 537; Story on Bailments, Sec. 538.

The remaining instructions are involved in the determination of those considered. The order granting a new trial is affirmed.