Alvin D. Fay

vs.

Wm. F. Davidson, Impleaded, &c. *

*McMahon vs. Davidson*, 12 *Minn.*, 369, followed as to the competency of parol evidence to prove the ownership of a steamboat.

In an action to recover damages for injuries sustained by a passenger in consequence of the bursting of the boiler of a steamboat through the negligence and unskillfulness of the engineer, it is competent for the defendant to show that the engineer, though unlicensed, possessed the skill requisite for the proper discharge of his duties, not for the purpose of affecting the amount of purely compensatory damages, but for the purpose of keeping down the amount of vindictive or exemplary damages.

Although the explosion and injury to the plaintiff were not occasioned by the personal acts or negligence of the defendant, if they were occasioned by the wrongful acts or negligence of any person acting *for* the defendant, such acts and negligence would be in law, the acts and negligence of the defendant himself. And if they were occasioned by the wrongful acts or negligence of any one who was acting for the defendant and some other person associated with him as partner or otherwise, in an action of tort, such acts and negligence would be in law the acts and negligence of the defendant and his associate, jointly and severally.

It is not necessary to the defendant's liability that he should be owner of any interest in the boat on which the explosion occurs, nor if he is such owner that the boat should be registered in his name. Neither is it necessary to the defendant's liability that he should manage the boat, or that he should hire, control or discharge the employees or have power to do so. The arrangement between the defendant and his associate may be such as to give such associate sole authority to hire, control and discharge such

* This case should have been printed with those of the January Term, 1863.—Reporter.

employees and to manage the boat, and still if this is done *for* the defendant, he will be liable.

If the defendant and another person jointly owned and jointly navigated the boat at the time of the explosion, they are jointly and severally liable in an action of tort, for injuries to the plaintiff resulting from the wrongful acts or negligence of the employees of the boat acting in the course of their employment.

If the arrangement between the defendant and another person was such that the defendant did not at the time of the explosion own any interest in the boat, nor exercise any control over her, nor take any part in her management, nor have any control over her earnings; nor authority, nor control over nor power or authority to discharge or interfere with any of her officers or servants, and did not employ any of them, but the boat and its employees were under the exclusive control of such other person, who hired the employees and who received and owned the earnings of the boat as his exclusive property, then the defendant would not be liable for the wrongful acts or negligence of the employees. This would be the case, notwithstanding the arrangement between the defendant and such other person was such that the defendant owning one boat and the other person another boat, it was agreed between them that at the end of the season of navigation if the earnings of one of the boats, less running expenses, exceeded those of the other, less running expenses, the excess should be divided. The claim of the defendant under such an arrangement is not upon the earnings *in specie* of the boat owned by such other person, but a claim against such other person personally, a simple right to demand that one-half of the excess (if any) shall be paid over to him. Under such circumstances the defendant and such other person would not be co-partners.

In an action brought by a passenger upon one steamboat against a proprietor of another steamboat, for injuries to the person arising from the bursting of the boiler of such last mentioned boat, the fact of such bursting is full *prima facie* evidence sufficient to charge the defendant or those in his employment with negligence, until he *shall* show that no negligence has been committed by him or those in his employment.

*McMahon vs. Davidson*, 12 *Minn.*, 374, followed as to the point that it is negligence to suffer the water in the boiler of a steamboat to fall and be lower than three inches below the flue of the boiler, unless the same happened through inevitable accident.

This action was commenced in the District Court for Dakota county against William F. Davidson and John Rumsey.

The summons was not served on the defendant Rumsey and he did not appear in the action. The defendant Davidson answered, and the issue joined was tried before a jury who found a verdict for the plaintiff for $5000. The defendant Davidson appeals from the judgment entered on this verdict. The case is sufficiently stated in the opinion of the Court.

ALLIS & WILLIAMS for Appellant.

SMITH & GILMAN for Respondent.

*By the Court*—BERRY, J.—On the 4th day of November, 1866, the steamboats "Albany" and "John Rumsey" were navigating the Mississippi River, and when near St. Paul and near each other, the boiler of the "John Rumsey" exploded, by which personal injuries were occasioned to the plaintiff, who was a passenger upon the "Albany." For these injuries this action is brought to recover damages.

When the cause was called for trial in the District Court the defendant, objecting to the trial, moved to strike it from the calendar on the ground that the action had by appeal been removed to and was pending in the Supreme Court. The appeal referred to was dismissed at this term on the ground that an appeal was not allowable in such cases. *Fay vs. Davidson, ante p.* 298. The objection and motion of the defendant were therefore properly overruled.

The defendant insists that the Court below erred in receiving *parol* testimony to show that he was half owner of the "John Rumsey." But this point has been determined adversely to the defendant's views in *McMahon vs. Davidson,* 12 *Minn.,* 369, 370. See also 1 *Parson's Mer. Law, ch.* 3, *p.* 47. *Parsons on Partnership,* 549–50.

Fay v. Davidson.

The complaint charges that at the time of the explosion the engines of the "John Rumsey" were under the control of one Dunnigan as engineer, who was unlicensed, unskilled, and unqualified to discharge the duties of engineer, and that in consequence of his wrongful and unskillful management of the boiler, it exploded. The defendant offered to prove that Dunnigan was a "competent engineer," that is to say that he possessed requisite skill, as we understand the offer. We think the evidence should have been received. The plaintiff insists that it was immaterial, because "it was not proposed to prove him a *licensed* engineer, and to prove that he was competent would not alter or affect the defendant's responsibility, and furthermore the only competent evidence to establish his qualifications as an engineer would be his license." A law of the United States enacts that "it shall be unlawful for any person to employ, or any person to serve as engineer or pilot on any such vessel who is not licensed by the inspectors, and any one so offending shall forfeit one hundred dollars for each offense." 10 *U. S. Statutes at Large.* If Dunnigan was unlicensed, it was clearly illegal for the defendant to employ him as engineer, as well as for him to serve in that capacity. In this case however the action being brought by a passenger, the main question is not whether the engineer *possessed* the requisite skill but whether he exercised it. And although Dunnigan was unlicensed and unskilled, if the explosion was not occasioned by his unskillfulness, we do not perceive how the possession, or want of a license, or of skill, could be material upon the simple question of liability, and though the proprietors of the boat may have exposed themselves to the penalty prescribed for their violation of the law in employing an unlicensed engineer, it does not follow that such violation of law establishes negligence injurious to the plaintiff. *Blackwell vs. Wiswall,* 24 *Barb.,* 361; *Norton vs. Wiswall,* 26 *Barb.,*

618. But while the evidence offered was not admissible for the purpose of reducing the amount of purely compensatory damages to the plaintiff, we are of opinion that it was admissible upon the question of vindictive, or exemplary damages. If it was shown that the injury was occasioned by the negligence and unskillfulness of the engineer, then the amount of damages might properly be enhanced by evidence of the negligent and unlawful employment of an unlicensed and unskillful engineer, that is to say, evidence having a tendency to show a willful and flagrant violation of duty on the part of those who employed him. On the other hand, the effect of the evidence might be to some extent rebutted, and the amount of damages kept down by evidence tending to show, that though an unlicensed engineer had been employed, the employer had not so far violated his duty as to employ a person who was destitute of skill. These views are however only important in reference to a new trial. We have no doubt that the error in this instance was caused by the subsequent withdrawal of the objection made to the testimony. The defendant himself being upon the stand, the plaintiff's counsel asked him upon cross examination "Were you not interested in the earnings of the steamer "John Rumsey" during the season of 1864, and at the time the explosion occurred?" The question was objected to as immaterial and irrelevant, but we think it was properly permitted to be put. It was certainly proper upon cross examination, as introductory to an inquiry as to what the nature of the interest (if any) was, for the purpose of ascertaining whether or not it was such as to make the defendant liable for the effects of the explosion. The counsel for the defendant requested the Court to instruct the jury as follows:

"1. That in order to charge the defendant William F. Davidson the jury must find from the facts that he had such an

interest in the steamboat John Rumsey, as to enable him to participate in the control of the servants, and to discharge them if he knew they were incompetent.

2. That the mere fact of Wm. F. Davidson having an interest in the earnings of the boat at the end of the season, would not make him liable for any injuries sustained by reason of its explosion, if he had not such an interest in it so as to control or take part in the hire of the servants, or in discharging them, by whom the negligence if any occurred.

3. That the jury must first be satisfied from the evidence, that the explosion took place by the negligence on the part of those who had control of the boat, or it will not be necessary for them to inquire any further, and they will return a verdict for the defendant.

4. That the mere fact that the explosion took place, will not be sufficient to show that there was any neglect on the part of those having control of the boat. That explosions have sometimes happened on steamboats that could not be accounted for by scientific men, and on which great care and diligence have been used.

5. That a mere prospective interest in the earnings of the steamboat John Rumsey, to attach and be ascertained at the end of the season, or time during which said earnings accrued and are made, and without any ownership or estate in said boat, and without any control of or participation in the management thereof, does not make defendant Davidson a co-partner with the owner of said steamboat in the business thereof, much less does it make the defendant Davidson a joint owner thereof; such an interest, even if it existed, did not make the defendant Davidson in anywise liable for the acts and omissions of the servants, officers, or employees of, or on said boat.

6. That the mere fact that the defendant Davidson was a

part owner of the steamboat John Rumsey, would not make him liable for injuries occasioned by the negligence of the employees of said boat, unless they stood in the relation of servants to the said Davidson, and he had power to remove or discharge them for misconduct, if the ownership of said boat had not been registered in accordance with the laws of the United States.

7.    That if H. T. Rumsey had the full control of the management and manning said boat, and that Davidson had no right to interfere with or control the boat, or employees therein, at the time of the accident; if there was negligence Rumsey alone would be responsible, as master, unless the boat was registered in some other name than that of Rumsey." The Court gave the third instruction requested and refused the rest. The Court among other things said to the jury " that one question for the jury to determine is, did these parties, Davidson and H. T. Rumsey, own and navigate said steamboat John Rumsey at the time of the alleged explosion, or had they a subsisting agreement by which they were to share in the profits of said boat, or its earnings, under which said boat was being navigated for their mutual profit and advantage, at the time of such explosion, and that if the jury find from the evidence that there was such joint ownership, and use, or such subsisting agreement and mutual interest, and that the boiler of said boat did explode whilst said boat was so used and navigated, by which explosion the plaintiff was injured as alleged in his complaint, and that such explosion was occasioned by the fault of defendants' servants, the officers having charge of said boat, the defendants would be liable for such damage as the evidence in the case satisfies you he has sustained by reason of injuries thus received, but such damage cannot exceed the amount named in the com-

plaint." And at the request of plaintiff's counsel the Court further instructed the jury as follows:

"1. That if the jury find that at the time of the explosion there was an agreement existing between Wm. F. Davidson and Harvey T. Rumsey, by which defendant Wm. F. Davidson was a sharer in the profits of the steamer John Rumsey, then the defendant Davidson is responsible for the wrongful acts of the persons in charge of said boat Rumsey.

2. That if the evidence shows that the boiler of the said steamboat John Rumsey exploded, and injured the plaintiff as alleged in his complaint, and if defendant Davidson was interested in the earnings and navigation of said boat at the time of said explosion; that the fact of said explosion is *prima facie* evidence of negligence, and that the burden is on the defendant to show the contrary.

3. That if the defendants by their servants or agents in charge of said boat, immediately before the explosion of said boiler, knowingly permitted or suffered the water in said boiler to fall and be lower than three inches above the flue of the boiler, unless the same happened through inevitable accident, such act is negligence." The defendant insists that the Court erred in refusing the instructions asked by himself, and in giving the instructions given upon the Court's own motion, and upon the request of the plaintiff. We do not deem it necessary to discuss each of these requests and instructions separately, as many of them cover to some extent the same ground, and are in a greater or less degree, controlled by the same general principles.

Davidson the defendant was not present at the explosion, nor personally in charge of the John Rumsey at the time of its occurrence, and of course the explosion and injury to the plaintiff are not claimed to have been occasioned by Davidson's *personal* acts or negligence. But if they were occa-

sioned by the wrongful acts or negligence of any person act-
ing *for* Davidson, such acts and negligence would be in law
the acts and negligence of Davidson himself. And if they
were occasioned by the wrongful acts or negligence of any
one who was acting for Davidson and some other person as-
sociated with him as partner, or otherwise, in an action of
tort like this at bar, such acts and negligence would be in
law the acts and negligence of Davidson and his associate
jointly and severally. Upon the testimony in this case there
are two theories only as to the relations which existed be-
tween Davidson and Rumsey, the defendants, and the conse-
quent relations which existed between Davidson and the em-
ployees of the boat John Rumsey. For the practical purpo-
ses of the case it is only necessary to inquire whether upon
either or both of these theories Davidson would be liable for
wrongful acts or negligence on the part of the employees
of the boat. It may be premised generally, and in reference
to both theories, that it could not be necessary to Davidson's
liability that he should be the owner of any interest in the
boat itself, nor if he was such owner in whole, or in part,
that the boat should be registered in his name in accordance
with the facts. If the boat was *navigated by him, or for him,*
the wrongful acts or negligence of her employees, acting in
the course of their employment, would in contemplation of
law be *his* acts or negligence, for which he would be respon-
sible. Neither is it necessary to his liability that he should
manage the boat or that he should hire, control, or discharge
her employees, or have power to do so. The arrangement
between Davidson and Rumsey might be such as to give
Rumsey sole authority to hire, control and discharge such
employees, and to manage the boat; and still if this was
done *for* Davidson, he would be liable. The theory conten-
ded for by the plaintiff, and which the testimony introduced

by him tends to establish, is that Davidson and Rumsey jointly owned, and jointly navigated the "John Rumsey" at the time of the explosion. If this theory be true, then upon familiar principles Davidson and Rumsey were jointly and severally liable, in an action of tort, (such as is the action at bar) for injuries to the plaintiff, resulting from the wrongful acts or negligence of the employees of the boat acting in the course of their employment. Such acts or negligence would be the acts or negligence of persons acting for Davidson; that is to say, in law his own acts or negligence.

The theory which is contended for by the defendant, and which the testimony of his witnesses tends to establish, is that Davidson did not at the time of the explosion own any interest in the "John Rumsey," nor exercise any control over her, nor take any part in her management; that he had no control over her earnings; no authority or control over, and no power or authority to discharge or interfere with any of her officers or servants, and did not employ any of them; that the boat John Rumsey and its employees were under the exclusive control of Rumsey, the defendant, who hired such employees; that the relation between Davidson and Rumsey was, as testified to by defendant Davidson, as follows: "I had a pooling arrangement with Mr. Rumsey; he owned the John Rumsey and I the Chippewa Falls. I had then boats which we call outside boats, three or four, that is, in the arrangement; the Enterprise, Clara Hine, G. H. Gray, also the Alice belonging to Rumsey was in; I think the Albany was in; am not sure; there were some eight boats in it; two of Rumseys and the rest of mine; these outside boats belonged to me and my brother, and Capt. Gray owned an interest in one too; at that time I do not know whether there was any one interested in the Albany. Mr. Rumsey was the agent of the freight department of the railroad, and as such

had a control over shipments; we were to give him a share of the earnings of these boats at the end of the season; he was to have half the earnings of the Chippewa Falls; the arrangement covered the outside boats that did n't belong to the Packet Company; at the close of the season we were to pool the earnings of these boats; the earnings of the Chippewa Falls were put against the earnings of the John Rumsey; at the end of the season, if the earnings of either of these boats exceeded those of the other, the excess was to be divided; the same thing is often done between railroads; it is neither the net nor the gross earnings which we pool, but the earnings after the running expenses of the boats are paid; there are other expenses, such as that of agents and officers on shore, and permanent repairs to the boat, &c., which are not deducted from the earnings before pooling; · temporary repairs to the boats are included in the running expenses; the Rumsey and the Chippewa Falls were put in against each other; the other boats were on a different basis." Upon this, which is the defendant's theory of the facts, is Rumsey· to be regarded as having acted *for* Davidson as well as for himself in managing the boat, and hiring and controlling her employees? If so, then the employees may properly be deemed the servants of Davidson; otherwise not. Rumsey's agency is to be implied only from the relation which each sustained to the other on account of his interest in the earnings of the two boats "John Rumsey" and "Chippewa Falls." Now if Rumsey was navigating the "John Rumsey" and controlling her and her employees as *sole principal*, he could not· be held to be Davidson's agent in any legal sense. Upon the defendant's theory of the facts, Rumsey was the exclusive owner of the boat; he managed her exclusively, and he alone hired and controlled the employees. It would follow that the earnings of the boat would belong to Rumsey exclusively as

the fruits of his own business, unless the whole or some part of them was by agreement to be the *property* of some other person. The agreement in this case was to *pool* the earnings of the two boats, which is explained as meaning that at the end of the season, if the earnings of either of these boats, less running expenses, exceeded those of the other, less running expenses, the excess was to be divided. It is evident that here is no agreement that the earnings of the "John Rumsey" should be the joint property of Davidson and Rumsey, or that Davidson should have any ownership of such earnings before the division of the excess, if any there was, at the end of the season, when it is ascertained that the earnings of the "John Rumsey" exceed those of the "Chippewa Falls." Davidson does not become owner of the excess or any part of it until it is divided. His claim is not upon the earnings, *in specie*, which would give him an ownership in them, but it is a claim against Rumsey personally, a simple right to demand that Rumsey shall pay to him one-half of the amount of such excess. If this reasoning is sound, Rumsey was the exclusive owner of the earnings of the John Rumsey. Being exclusive owner and manager of the boat, exclusive owner of its earnings, and exclusively hiring and controlling the employees, he must be regarded as conducting the business for himself, as sole principal. He cannot be deemed Davidson's agent in navigating the boat, and Davidson is not, upon the defendant's theory of the facts, responsible for the wrongful acts or negligence of the employees of the boat. See *Smith vs. Wright*, 5 *Sanford Sup. Ct.*, 119. The same course of reasoning which shows that Rumsey was sole principal, shows that Davidson and Rumsey were not co-partners upon the defendant's theory. See *Parsons on Partnership*, 71 *and Notes*. But while the agreement claimed by the defendant to have existed between Davidson and Rumsey was

not in our opinion such as to confer upon Davidson any own-
ership of the earnings or profits of the John Rumsey while
they remained undivided, its effect certainly would be to
make Davidson a *sharer* in the same, and to give him an *in-
terest* therein, in the ordinary meaning of the words "sharer"
and "interest." But notwithstanding he was such sharer,
and had such interest, he would not, according to the views
we have above expressed, be responsible for the wrongful acts
or negligence of the employees of the boat. It follows that
the first instruction given to the jury upon the request of the
plaintiff was erroneous, and that the second instruction given
upon the request of the plaintiff, as well as the instruction
given by the Court on its own motion, require some modifica-
tion to render them strictly accurate. It also follows from
what we have said that the first, second, sixth, and seventh
requests asked for by the defendant were properly refused.
The fifth request asked for by the defendant was we think
also properly refused. We presume it was intended to apply
to what we have styled the defendant's theory of the agree-
ment between Davidson and Rumsey. But we are of the
opinion that when it attempts to describe Davidson's interest
as " a mere prospective interest in the earnings of the steam-
boat John Rumsey, to attach and be ascertained at the end of
the season," &c., it does not describe such an interest as is in-
dicated by the defendant's theory. Whatever that interest
was it could not be said to *attach* at the end of the season.
Such as it was, it attached, that is to say its existence dated,
if not from the time when the agreement was made, at least
from the time when the earnings began to accrue. The in-
struction was properly refused as abstract and inapplicable to
the case.

In this case the plaintiff was not a passenger upon the
"John Rumsey," upon which the explosion took place, but

upon the "Albany," and it is therefore insisted that the fact of the explosion is not *prima facie* evidence of negligence (against the proprietors of the John Rumsey) under *Sec.* 13, *Ch.* 191, 5 *U. S. Statutes at Large.* The title of this chapter is "An act to provide for the better security of the lives of passengers on board of vessels propelled in whole or in part by steam," and it is argued from this that *Sec.* 13 relates only to injuries to *passengers upon* the boat upon which the explosion occurs. The title of an act of Congress is, however, of little importance in determining the scope and meaning of the act itself. *Hadden vs. The Collector*, 5 *Wallace*, 107. The section referred to reads as follows : "And be it further enacted, That in all suits and actions against proprietors of steamboats for injuries arising to person *or property* from the bursting of the boiler of any steamboat, \* \* the fact of such bursting \* \* shall be taken as full *prima facie* evidence sufficient to charge the defendant or those in his employment with negligence, until he shall show that no negligence has been committed by him or those in his employment." The words "or property," which we take the liberty to italicise, show conclusively that all the subjects of the section are not expressed in the title, and that the section is not confined in its operation to injuries to passengers, whether upon the boat on which the explosion occurs or not. In *McMahon vs. Davidson*, which was an action growing out of the same explosion as in the case at bar, the plaintiff was not a "passenger" in the ordinary sense of the word, but a "deck-hand," yet *sec.* 13 was held to apply. We think that the general language "injuries arising to person," is sufficiently broad to make the section quoted applicable to this case. The fourth instruction asked by defendant was therefore properly refused. But irrespective of the act of Congress, and speaking for myself alone, I am inclined to the opinion

that under the undisputed facts of this case, the explosion is *prima facie* evidence of negligence within the principle enunciated in *McLean vs. Burbank*, 11 *Minn.*, 287, and authorities there cited. The plaintiff was a passenger on the Albany; the boiler of the John Rumsey, which was close at hand, exploded, and by the explosion the plaintiff was injured without any fault on his part. The very circumstances which prove the injury to the plaintiff, prove or raise a presumption of negligence, on the part of those who had the management and control of the boiler of the John Rumsey, personally or by their servants. *Carpen vs. London & B. R. W. Co.*, 5 *Ad. & El.*, (*N. S.*) 747; *Holbrook vs. Utica & S. R. R. Co.*, 12 *N. Y.*, 242; 18 *N. Y.*, 535; *Angell on Carriers, sec.* 569.

It is claimed that the Court below erred in instructing the jury that the defendant is liable if the explosion was occasioned by the "fault" of the defendant's servants, having charge of the boat. It is said that the word "fault" would comprehend "willful misconduct, and in fact every culpable act." The charge is manifestly obnoxious to this objection, but if taken in reference to the evidence in the case, we think not prejudicial to the defendant. See *McLean vs. Burbank*, 11 *Minn.*, 287; *McMahon vs. Davidson*, 12 *Minn.*, 373. It can, however, be readily made more accurate upon a new trial.

It is further urged that the Court below erred in instructing the jury that it was negligence to suffer the water in the boiler to fall and be lower than three inches above the flue of the boiler, unless the same happened through inevitable accident. But the instruction is in accordance with the view taken by the Court in *McMahon vs. Davidson*, 12 *Minn.*, 374, to which we adhere.

As the case goes back for a new trial we do not consider the point that the verdict is not justified by the evidence.

For the indicated errors of law the judgment must be reversed.