MARGARET HART against THE RENSSELAER and SARATOGA RAIL ROAD COMPANY.

Where three separate railroad companies owning distinct portions of a continuous rail road between two *termini*, run their cars over the whole road, employing the same agents to sell passage tickets, and receive luggage to be carried over the entire road, an action may be maintained against one of them for the loss of luggage received at one terminus to be carried over the whole road.

If the charge of the court on the trial of a cause contains two propositions, and it is excepted to generally, if one of the propositions is true the verdict will not be set aside for the error in the other proposition.

This action was brought against the defendant as a common carrier of passengers for the value of three chests and their contents lost by it. It was alleged in the complaint, in October 1849, the defendant owned and used a rail road from the city of Troy to the village of Ballston, connecting with the Schenectady and Saratoga rail road, and the Washington and Saratoga rail road, and owned and used and run upon their road in connection with the other two roads passenger and luggage cars, for the carriage of passengers and their luggage to and from Whitehall to Troy, for hire: that the plaintiff, on the 26th of that month at Whitehall, paid to the defendant the fare for the passage of herself and her children and luggage to Troy. The latter consisted of four parcels containing clothing and bedding, and one of them was a trunk in which with a quantity of clothing was placed eighteen gold sovereigns for the traveling expenses of herself and her children; that the luggage was received by the defendant and placed in a baggage car to be carried to Troy, and the plaintiff and her children came to Troy in a passenger car attached to and drawn with the baggage car over the rail roads from Whitehall to Troy, and that two of the packages were negligently lost by

Hart *against* The Rensselaer and Saratoga Rail Road Co.

the defendant. In the answer, the defendant admitted that a baggage car was run through from Whitehall to Troy at the time specified in the complaint, but denied generally the other allegations which it contained. The cause was tried at the Rensselaer circuit in April 1850, before Mr. Justice PARKER. The plaintiff proved that on the 26th of October 1849, she with four children and their luggage arrived at Whitehall from Montreal, at which place she had arrived from Ireland; that on their arrival, an agent came on board the boat where they were, received from her the fare to Troy on the car, gave her passage tickets and took charge of the luggage, and put it into the baggage car. The plaintiff and her children then got into the passenger car and were brought to Troy, the conductors receiving the passage tickets. There was no change of passenger car from Whitehall to Troy. On their arrival at Troy, two of the parcels were found and delivered to the plaintiff and two were missing, and the persons in charge of the baggage car, told her to have patience and they would find it for her the next day. They were however lost. The plaintiff here rested. The defendant's counsel then moved for a nonsuit, upon the ground that the plaintiff had not proven that the luggage had ever been received by the defendants; that there were three distinct companies between Whitehall and Troy, the Saratoga and Washington owning the road to Saratoga, the Schenectady and Saratoga owning that from Saratoga to Ballston, where it intersected the defendant's road, which extended thence to Troy; that although the plaintiff might maintain her action against the Saratoga and Washington company, who received the luggage she could not maintain it against the defendant without proving that it actually received it.

The court denied the nonsuit, and the defendant's counsel excepted.

The defendant then proved that there was an arrangement between the three companies, by which the defendant ran its engine between Troy and Saratoga, and the

Hart *against* The Rensselaer and Saratoga Rail Road Co.

Saratoga and Washington rail road company its engine be-
tween the latter place and Whitehall; that each company
ran cars over the whole distance, accounting to the three
for their proper proportions of the distance run, the price
of passage being two dollars from Whitehall to Troy, of
which ninety cents went to the defendant; that for the ac-
commodation of passengers tickets were sold at Whitehall
and Troy, signed by the agent of the company selling them,
of which the following is a copy.

| 2d class. | 2d class. | 2d class. |
|---|---|---|
| Troy to Ballston, | Ballston to Saratoga, | Sar'ga to Whitehall, |
| W. H. 25 miles, | T. 7 miles, W. H. | T. 41 miles. |
| One passenger. | One passenger. | One passenger |

There was other testimony given in relation to the loss
of the luggage, and the custom of the companies in run-
ning their cars over the road which in the disposition
of the cause was immaterial. The counsel for the defend-
ant thereupon insisted that the plaintiff was not entitled
to recover, and ought to be nonsuited, because there was
no evidence that the defendant ever received the luggage
alleged to have been lost, and that the plaintiff had failed
to establish the loss as alleged in her complaint. The court
refused to nonsuit the plaintiff, and stated it was a mat-
ter to be left to the jury, to which decision the defendant's
counsel excepted.

The court then charged that it was for the jury to say
whether it was proved, that defendant by its agents received
the baggage and agreed to carry it to Troy. If so, the de-
fendant was liable for the nondelivery of the baggage at
Troy, unless it was lost by inevitable accident or the pub-
lic enemies; that as to the money, if the jury thought the
sum in the chest a proper sum for traveling expenses, the
plaintiff was not bound to give notice to the defendant of
it. To which charge the defendant's counsel excepted.

The defendant's counsel then requested the justice to

charge that from the evidence, the defendant's agents or workmen were under the control of the Saratoga and Washington company while the cars were on that road, and that if the baggage was lost before it came upon the defendant's road it was not liable. The judge said he so charged and such was the law "unless it is proved to have been received by the defendant's agents," to which decision the defendant's counsel excepted.

The counsel for the defendant also requested the court to charge that there was no evidence that the defendant received the baggage in question at Whitehall, but that the evidence was that the Saratoga and Washington company received it there and directed its destination. If therefore it never came on the defendant's road the plaintiff can not recover. The court refused so to charge, but in answer to the first clause, said it was a question of fact for the jury, and to the last part of the request the court said it was not a question whether the property was on the defendant's road, but whether it was received by the defendant's agents at Whitehall or elsewhere. To which decision and opinion of said justice, the defendant's counsel excepted.

The defendant's counsel also · requested the court to charge the jury that there ' was no evidence that the baggage in question ever came upon any part of the defendant's road, and there is no allegation to that effect in the plaintiff's complaint. The court refused so to charge, and told the jury that his charge to this request was the same as he had just stated in answer to a previous request, and if the baggage went into the car of the defendant's agents at Whitehall, to be carried to Troy, and there was an agreement to carry it to Troy, the defendant is liable. To which decision and opinion of the said justice the defendant's counsel did then except.

The jury thereupon found a verdict for the plaintiff for $410,65 damages, and six cents cost. The defendant appealed from the judgment entered upon the verdict, and it

was affirmed at a general term held in the third district, in May, 1851. From this judgment the defendant appealed to this court.

*J. Pierson,* for appellant.

*N. Hill, Jr.,* for respondent.

TAGGART, J.   It will be unnecessary to notice any of the points or decisions of the judge at the court, except the motion for a nonsuit and the charge of the judge that if the jury thought the sum of money in the chest a proper sum for traveling expenses, the plaintiff was not bound to give notice of it to the defendant.   The several requests made by the defendant's council to the charge and the refusal of the judge to charge as requested are, as I apprehend, entirely dependent upon the decision of the court refusing to nonsuit the plaintiff. If that decision was right, the refusal of the court to charge the jury as requested was clearly proper, in each case where such request was made.

When the plaintiff rested the testimony was slight, and it might be a serious question whether at that time there was sufficient evidence to authorize a jury to render a verdict for the plaintiff, provided it had clearly appeared in evidence at that time that the defendant did not have a continuous road from Whitehall to Troy, or the court is to take judicial notice of the existence of the distinct corporation.   The only mode in which it appeared that there was more than one company was in the statement of the defendant's counsel on the motion for a nonsuit.

There was, however, some evidence that the agents of the defendant received the baggage at Whitehall to be conveyed to Troy.   The plaintiff paid fare to the agent at Whitehall for passage from that place to Troy and received passage tickets; and it is fairly inferable, that she paid the fare to the same agent that took charge of her baggage. These tickets were received and allowed as sufficient

SLL. IV.—6.

passage tickets on board the cars, and part of her baggage was conveyed to and received at Troy.

It is, however, unnecessary to decide that question, for the reason that additional evidence was subsequently given by the defendant, which strengthens the case made by the plaintiff, and the decision of this case upon the motion for a nonsuit must depend upon the sufficiency of the evidence to be submitted to the jury when the evidence closed, and the defendant the second time moved for a nonsuit.

Besides the fact that the plaintiff paid fare through from Whitehall to Troy, and received tickets from agents at Whitehall, which were received and allowed as sufficient passage tickets on board of the cars, and that part of the baggage was conveyed to and received at Troy, the additional facts are proved by the witness Beals; that he was a baggage man in the employment of the defendant; had charge of the baggage car from Whitehall to Troy, which belonged to defendant, and in which part of the defendant's baggage was carried from Whitehall to Troy, and that he once went into the other baggage car, which he says the agents of the Whitehall road loaded up with emigrants' baggage; and that on his arrival at Saratoga Springs he entirely neglected assorting and selecting the baggage to be sent to Schenectady, from that to be sent to Troy, out of the freight car, which finally came to Troy. It appeared, also, that the plaintiff and her family were emigrants, and that sometimes through tickets were sold for emigrants, or second class passengers.

I am satisfied from this evidence that the refusal of the judge to nonsuit the plaintiff was right. The court charged the jury that it was for them to say whether it was proved that the defendant by its agents received the baggage and agreed to carry it to Troy, and on the decision of the motion for a nonsuit, after all the evidence was given, the court stated it was a matter to be left to the jury.

The court was right both in the charge and in the refusal to nonsuit. There were facts which it was proper to

Hart *against* the Rensselaer and Saratoga Rail Road Co.

submit to the jury, who were the proper judges of the weight of evidence, and it would have been error to have refused so to submit them. " The law does not regard the judges as possessing any superior qualifications over jurors for judging of facts or the weight or force of evidence of facts. It is a safe and favorite principle of our jurisprudence that facts are to be tried by a jury." (*Adsit* v. *Wilson*, 7 *Howard, Pr. Rep.* 66.) "When there is evidence on both sides, and the correctness of the verdict or finding on the facts is merely doubtful; in short, when the only complaint against the finding of the facts is, that the triers did not correctly weigh or appreciate the evidence, the court have no authority to interfere with the result." (*Gra. Pr.2d ed.*631 *to* 633, and the cases there cited.) "If the evidence will not authorize the jury to find a verdict for the plaintiff, or if the court would set it aside if so found, as contrary to evidence, it is the duty of the court to nonsuit the plaintiff; but the court should be extremely cautious on the subject of interfering with the province of the jury, who, by the principles and plan of our jurisprudence, have exclusive jurisdiction of the facts of a case." (*Tabor* v. *Hopkin*, 4 *Com.* 546; *Pratt* v. *Hull*, 13 *John.* 334; *Stuart* v. *Simpson*, 1 *Wendell*, 376.) The question for this court to decide is, whether *we* should have been bound to set aside the verdict in this cause as against evidence had the question been presented to us in the supreme court, sitting as a court of review in this cause upon a case. If there is sufficient evidence to sustain the verdict upon a case, the motion to nonsuit the plaintiff was properly overruled.

I am not only satisfied that there was sufficient evidence to sustain the verdict, but the jury were right in finding a verdict for the plaintiff; and had they found for defendant there would have been strong grounds for setting aside the verdict as against evidence.

It is unnecessary to decide whether the charge of the judge in relation to the money in the chest was or was not erroneous. The charge contained two distinct propositions,

the first of which was clearly right. The defendant's exception is to the charge generally; then if either proposition in the charge was right the exception will not be available. The judgment must therefore be affirmed.

JOHNSON and WILLARD, JJ., read written opinions in favor of affirmance.

Judgment affirmed.