HART *against* THE RENSSELAER AND SARATOGA RAILROAD COMPANY.

*Carriers of passengers; liability for loss of baggage.*

ACTION to recover the value of baggage lost on a railroad. The defendants and the Saratoga and Washington Railroad Company, by an arrangement between them, run the cars of both companies through from Whitehall to Troy and back, dividing fare in proportion to the length of each route, Saratoga Springs being the the point of division. The servants employed on the cars go over the entire route, but are paid by the company that hires them. Each company has the entire control of the cars while on its road, and pays to the other a compensation for such use of the cars. Agents of the Saratoga and Washington road at Whitehall sign and sell tickets, and receive fare from passengers for the entire route to Troy, and in like manner tickets are signed and sold and fare received at Troy, by defendants' agents, for the entire route to Whitehall. On the 24th October, 1846, the plaintiff at Whitehall paid the fare for herself and four children from that place to Troy, to

a person who gave her tickets which were received on the cars as evidence of her right to be conveyed thereon to Troy. The same person took charge of her baggage, marked it for "Troy," and it was placed in the baggage car of the train. On the arrival of the train at Troy, two of four boxes or chests, constituting the plaintiff's baggage, were missing, one of them containing eighteen gold sovereigns. The plaintiff brought this action to recover for the lost baggage. On proof of the above facts, the judge denied a motion for a nonsuit, and charged the jury that it was for them to say whether it was proved that the defendants by their agents received the baggage at Whitehall, and agreed to carry it to Troy; if so, they were liable, whether it came upon their road or not. That if the money in the chest was a proper sum for travelling expenses, the plaintiff was not bound to give notice of it to charge the defendants with its loss. The defendants' counsel excepted to the charge, and the plaintiff had judgment.

The judgment was affirmed. The refusal to nonsuit, and the charge as to the liability of the defendants, if their agents received the baggage at Whitehall, was held correct (that point being otherwise presented and specifically excepted to); but that the general exception to both branches of the charge did not properly raise the question whether the charge as to the money was correct.

(S. C., 8 N. Y. 37.)