## John Brooke v. The Grand Trunk R. W. Co.

*Railroad tickets over separate roads: Rights of passenger.* Where a passenger bought tickets of a railroad agency in Buffalo, one from Buffalo to Stratford, in Canada, over the B. and L. H. Railway and the other from Stratford to Detroit over the G. T. Railway, and after a delay of two months, from the time of using the former ticket commenced his journey from Stratford to Detroit on the second, it was held that, although printed on the same piece of paper, yet, as they contained no restrictions, they were distinct contracts and vouchers for separate journeys, and the validity of the last ticket was not affected by the delay.

When the evidence conflicts, it is error in the court to decide the point in conflict and take it from the jury.

*Heard April 23d. Decided April 30th.*

Error to Wayne Circuit.

This was an action of trespass on the case brought by plaintiff to recover damages against the Grand Trunk R. W. Co. for being ejected from the cars by one of their conductors.

The jury, by direction of the court, rendered a verdict for the defendants, and the case was removed by writ of error.

The facts are stated in the opinion.

*Larned* and *Hebden*, for plaintiff in error.

1. The principal question presented on the record in this case is the charge given by the court, that from the plaintiff's evidence he could not recover; that the contract was for a continuous passage from Buffalo to Detroit, and was not severable, and that leaving the train at Brantford was a forfeiture of his contract.

The record is distinct that plaintiff purchased two tickets—one from Buffalo to Stratford, and the other from Stratford to Detroit. The tickets and the evidence of witnesses also show that these two roads between Buffalo and Detroit were owned and operated by separate and distinct companies—*i. e.*, the Buffalo and Lake Huron to Stratford,

and the Grand Trunk from there to Detroit. That these tickets were upon the same piece of paper is not material. They were so printed as to be easily severed, and were as much distinct agreements as two promissory notes or contracts written upon the same piece of paper. One ticket is the contract of one company, the other the contract of the defendant's company. Upon the latter the defendant never rode till the day he left Stratford in August. Shall the defendants keep his money and withhold the consideration? — 24 *Barb.* 514.

Again: Why did the agents of defendants. assent to plaintiff's riding from Stratford to Port Huron on the second ticket?

This last act is decisive of the case. The question is, what was the contract or understanding of the parties? Plaintiff, by presenting, and the agent of defendants, by receiving the second ticket as valid from Stratford, admitted the contract to be, that, while he might have to complete a .continuous ride upon each ticket, he might sever the tickets.

, The plaintiff is entitled to "a reasonable interpretation of the contract" — *i. e.*, the meaning of the tickets as gathered from their face. They plainly read two separate contracts, for different parts of the route. — 11 *Ohio,* 462. 

The punching of the ticket between Stratford and Port Huron did not and could not destroy its validity from Port Huron to Detroit. If it was not intended to be good. for the balance of the route, why was it left with plaintiff? Is it a reasonable regulation for a company to sell a ticket from Stratford to Detroit, punch it midway, and tell the passenger to pay a second time? — *Ibid; Redfield on R. W.* 300.

*Maynard* and *Meddaugh,* for defendant in error.

1. There is no error in the charge of the judge to the jury.

*a.* One who has purchased a passage of a railway company from one point to another over its road, and commenced the journey, is bound, in the absence of a special contract to the contrary, to continue through on that train. By leaving the cars at an intermediate station, he forfeits his right to be carried under that contract.—*Pierce on Am. R. R. Law,* 491; 11 *Met.* 121; 4 *Zabris.* 435; 11 *Ohio,* 457; 24 *Q. B.* 120.

When the passenger enters upon his journey, by virtue of his contract with the company, the company is undoubtedly bound to carry him directly through. It can not, after having conveyed him part of the way, stop its train for its own convenience, and detain him until the next day, nor insist that he shall leave the cars at an intermediate station and remain till a subsequent train. Such course by the company would be a violation of the contract, subjecting it to an action for damages. — *Redfield on Railways,* 342, *Note* 2. This obligation is reciprocal — on the part of the company to carry directly through by the usual course, and on the part of the passenger to be so carried.

*b.* By the rules of the company, a ticket was valid only for a continuous journey, and did not entitle the holder to stop at intermediate stations.

A common carrier may prescribe rules and regulations concerning the carriage of persons and property, and if reasonable, they must be observed by those employing the carrier. — 11 *Met.* 121; *Pierce on Am. R. R.* 491.

The fact proven in this case in reference to the difference in fare charged by the company for a through passage, and a passage from intermediate points to the terminus of the road, is only the well known regulation of all railroad companies. The existence of competition at the termini of a road is generally the reason for this discrimination in favor of through passengers. If carriers have the right to make this distinction in fare, it would seem necessarily

to follow that they should have the right to protect themselves in the advantages to be secured by it. — 18 *Ill.* 469; 31 *Barb.* 556; 11 *Met.* 121; 20 *N. Y.* 126; 5 *Mich.* 520.

Such regulations are at all events binding upon the passenger, unless he can show good reason why he should be excepted from them. — *Redfield on Railroads*, 32, *note* 5.

*c.* The company did not waive its rights by carrying the plaintiff from Brantford to Port Huron. One of its agents neglected his duties in not ejecting the plaintiff sooner, but can the plaintiff predicate any right upon this? 17 *N. Y.* 306.

*d.* The character of the contract is not affected by the fact that two tickets were issued instead of one.

The ticket is not a contract, but is simply evidence to the conductor of the train that the passenger has paid his fare. It is not signed by either party, and expresses neither a consideration nor time of performance. It is a device by carriers for their own convenience in conducting the business of carrying passengers. It is of the same nature as a check for baggage, and, like it, simply designed to answer a particular purpose of convenience. — 17 *N. Y.* 306; 31 *Id.* 661; 22 *Conn.* 14; 24 *Ill.* 338.

2. The judge did not invade the province of the jury in directing a verdict for the defendant. ·

That plaintiff purchased a through ticket from Buffalo to Detroit on the 28th day of June, A. D. 1864, and on that day rode as far as Brantford, Canada, where he stopped; and that he did not resume his journey from the latter place until August 24th, some two months thereafter — when he was carried by defendant to Port Huron, where he again stopped and remained till the next westward bound train — the charge assumes to be true, and there is no testimony to the contrary.

If, upon this state of facts, the law will not sustain a verdict in favor of the plaintiff ( as we have argued ), then this direction of the judge was not error.

There was certainly nothing in these facts for submission to a jury.

If, independent of any of the rules of the company against it, the plaintiff was entitled to be carried on the 28th day of August, by virtue of his previous contract, then, unless the reasonableness of the regulation of the company to the contrary be a question of law, we see no way of sustaining this charge.

CAMPBELL J.

Plaintiff sued defendants for ejecting him from one of their cars. He purchased in Buffalo, in June, 1866, tickets from Buffalo to Detroit, consisting of two tickets on one piece of paper, one from Buffalo to Stratford by the Buffalo and Lake Huron Railway, and one from Stratford to Detroit by the Grand Trunk Railway. Upon the first ticket he rode to Brantford, in Canada, and remained there about two months. Then he went from Brantford to Stratford on the same ticket. Thence he went to Port Huron, in Michigan, on the second ticket, which was punched by the conductor and handed back. Between Port Huron and Detroit the conductor of the train on which he was riding between those places, ejected him from the cars on his refusal to pay his fare, and would not receive the ticket as valid.

Defendants, among other things, introduced testimony to prove that fare for through tickets from Buffalo to Detroit was, at the time these tickets were sold, cheaper than was charged from some intermediate points to Detroit, and that the defendants had an arrangement with the Buffalo and Lake Huron Railway, whereby they were enabled to carry passengers and freight through from Buffalo to Detroit. Also, that, by the regulations of the company, persons having a through ticket from one point to another upon the line, could not stop at intermediate stations.

BROOKE v. THE GRAND TRUNK R. W. CO.

The court below held that the plaintiff was only enti-
tled to a continuous passage, and, after leaving Buffalo, was
bound to proceed to Detroit on the same train, or lose the
right, after once stopping, to proceed further on his ticket.

The court also instructed the jury that, if the plaintiff
had a right to treat the second ticket as valid from Strat-
ford to Detroit, yet he had abandoned the train on which
he started at Port Huron, and the ticket was unavailable
upon any other train. This latter charge appears by the
bill of exceptions to have been based upon an assumption
of facts which it belonged to the jury to determine, inas-
much as the evidence conflicted. Accordingly, it becomes
necessary to consider the former ruling, which treated the
whole journey from Buffalo to Detroit as single, and which,
therefore, if correct, obviated the error caused by taking
the facts on the last charge from the jury.

The circumstances of the present case render it unneces-
sary to consider whether a simple contract, made to trans-
port a passenger in a single journey beyond the line of
the road with which he contracts for passage, renders the
contracting company liable as a carrier for what occurs
upon another railway. In the case before us, the tickets
purport to provide expressly for passage over the lines of
two separate companies, and neither ticket extends beyond
one line. Each is the voucher for a journey between two
specified points. Neither refers to the other in terms, and
neither contains any words of restriction.

It was claimed that these tickets are not contracts, and
can not, therefore, be of any force in determining the rights
of the plaintiff, but that he must be considered as having
purchased what was equivalent to a single through passage.
Whether a through ticket over the roads of two separate
companies would entail all the same consequences as if
they were owned by one, need not now be considered.
But we can not regard these tickets in any such light.
Although they are very informal documents, yet they are

easily recognizable as vouchers for separate journeys over distinct roads, one issued by a company on its own behalf, and one issued by the same company in behalf of another. The purchaser must necessarily infer from their face that one of them was issued under some claim of agency; and he had a right to treat them according to their purport. They are the usual evidences of a contract of passage; and whatever may be their imperfections as substitutes for more formal agreements, they must be treated as valid for all which they purport to express. They are no more dependent, merely because printed together, than they would be if each were precisely like the other.

We think that it was not incumbent upon the plaintiff to use these tickets for one continuous journey but that, having used one of them to reach the terminus denoted by it, he was at liberty to begin his second journey when he pleased. The general rule, requiring each separate journey to be completed without needless interruptions, was conceded on the argument, and there are no facts calling upon us to decide whether there are any circumstances of convenience or necessity which can vary it. The plaintiff had a right to use his ticket from Stratford to Detroit, notwithstanding the time which had elapsed after its issue. He had a right to have the jury determine whether he lay over between Stratford and Detroit. The rulings disposed of his entire cause of action, and took away the facts from the jury, touching the continuity of the last journey.

The court erred in holding the two tickets to be valid only for a single continuous passage from Buffalo to Detroit, and also in directing the jury that the second journey had been interrupted.

The judgment must be reversed, with costs, and a new trial granted.

The other Justices concurred.