M. CLEILAND MILNOR, Appellant, *v.* NEW YORK AND NEW HAVEN RAILROAD COMPANY, Respondent.

Where a railroad corporation, organized in another State, has sought and obtained permission of the legislature of this State to extend its line into and to transact business in this State; as to its contract made here it must be deemed to possess the powers and to be subject to all the liabilities of similar domestic corporations. It will not be permitted to make a contract valid here, and then, when its interests dictate, set up decisions of the State under whose laws it is organized, holding the contract invalid for want of power to make it, as an excuse for its violation.

Defendant received from plaintiff's assignor the fare from N. Y. to S., and gave therefor two tickets printed on the same paper, but easily detached, one purporting to be its ticket from N. Y. to B., the other the ticket of the H. R. R. Co. from B. to S., containing a notice to change cars at B. Defendant checked the passenger's baggage to S. The check was marked H. R. R. The baggage was delivered at B. to the H. R. R. Co. and was destroyed by fire while in the possession of the latter. The roads connected at B., but were not a continuous route, and defendant's cars did not pass over the H. R. R. The fare received was divided between the two companies. In an action to recover for the loss of the baggage,—*Held*, that the facts imported an agency, on the part of defendant,

and not a contract by it as principal, for transportation over the H. R. R., and that defendant was not liable.

The cases of *Quimby* v. *Vanderbilt* (17 N. Y., 306), *Hart* v. *R. and S. R. R.* (8 N. Y., 37), *Weed* v. *S. and S R. R.* (19 Wend., 534) and *Burnell* v. *N. Y. C. R. R.* (45 N. Y., 184), distinguished.

(Argued June 5,.1873; decided September 23, 1873.)

.Appeal from judgment of the General Term of the New York Common Pleas, affirming a judgment in favor of defendant, entered upon the decision of the court at Special Term upon trial without a jury.

This was an action to recover damages for the loss of a trunk and contents.

The facts were stipulated, and are substantially as follows: Defendant is a corporation duly organized under the laws of the State of Connecticut. By virtue of an act of the legisture passed May 11th, 1846, it was authorized to aid, construct and operate its road within this State. On the 29th day of June, 1868, one Francis P. Gleason, the plaintiff's assignor, purchased from the defendant at its office, in the city of New York, two tickets through to Sheffield, Massachusetts. Said tickets were printed upon one slip of paper capable of being readily detached, and were each in the form, words and figures following:

| NEW YORK AND NEW HAVEN R. R. |
|:---:|
| HOUSATONIC CHECK. |
| NEW YORK TO BRIDGEPORT. |
| Sheffield.                    Jas. H. Hoyt. |
| HOUSATONIC RAILROAD. |
| SHEFFIELD. |
| Change Cars at Bridgeport. |
| Good for this day only. |
| H. D. Averill. |

On the same day Gleason delivered his trunk, to be transported as baggage, to the defendant, and had the same checked through to Sheffield, and received therefor the ordinary rail-

road token or check, marked H. R. R. Defendant's road runs between New York and New Haven, Connecticut; it connects at Bridgeport, Connecticut, with the Housatonic railroad, operated by the Housatonic Railroad Company, between Bridgeport and Pittsfield, Massachusetts, passing through Sheffield. For the mutual convenience of passengers and the companies, and by agreement between the defendant and the Housatonic company, the defendant sold tickets through, from New York to Sheffield, at the rate of $3.60 per ticket, out of which defendant deducted its share, $1.70, and paid the balance to the Housatonic company, under which arrangement tickets were sold as aforesaid to Gleason. Gleason and his wife took passage on one of defendant's trains on said day, and, with their baggage, were safely carried to Bridgeport, where they took passage on a Housatonic Railroad train. After their arrival at Sheffield, but before the baggage could be delivered, it was destroyed by fire.

*W. S. Palmer* for the appellant. A railroad corporation may bind itself by contract beyond its line. (*Maghee* v. *C. and A. R. R.*, 45 N. Y., 514; *Burtis* v. *Buff. and S. L. R. R.*, 22 id., 269; *Hart* v. *Rens. and Sar. R. R.*, 4 Seld., 37.) By issuing a through ticket and check defendant became liable for the safety of the passenger and his baggage over the entire route. (*Wilcox* v. *Parmlee*, 3 Sandf., 610; *Weed* v. *Sar. R. R.*, 19 Wend., 534; *Condict* v. *G. T. R. R.*, 4 Lans., 106; *Fox* v. *T. and R. R. R.*, 24 Barb., 382; *De Rutte* v. *Tel. Co.*, 1 Daly, 547; *Carter* v. *Hough*, 4 Sneed, 203; *McCormick* v. *H. R. R.*, 4 E. D. S., 181; 2 Red. on R'ways [3d ed.], 38, 39, 219, 227; *Quimby* v. *Vanderbilt*, 17 N. Y., 306, 313; *Hart* v. *R. and S. R. R.*, 4 Seld., 37; *Cary* v. *Cl. and T. R.*, 29 Barb., 35; *Candee* v. *Penn. R. R.*, 21 Wis., 582; *Thomas* v. *Mills*, 4 E. D. S., 75; *Ill. Cent. R.* v. *Copeland*, 24 Ill., 336; *Lock Co.* v. *R. R. Co.*, 2 Am., 547; *Wylton* v. *Mid. R. R.*, 4 Hurl. & Nor., 615; *Schroder* v. *H. R. R.*, 5 Den., 55; 5 Am. L. R. [N. S.], 407.) It is immaterial

whether the ticket-holder knew whether he was to pass over two roads or not. (*Mumma* v. *Potomac Co.*, 8 Peters, 287; *Root* v. *Goddard*, 3 McL., 102; *Pearce* v. *Madison*, 21 How., 441; *Hart* v. *R. and S. R. R.*, 29 Barb., 35; *Burnell* v. *N. Y. C. R. R.*, 45 N. Y., 184.)

*Calvin G. Child* for the respondent. Defendant's position was that of an intermediate carrier. (*Weed* v. *S. and S. R. R.*, 19 Wend., 534; *Hart* v. *R. and S. R. R.*, 8 N. Y., 37.) Defendant's liability ceased at the end of its own route. (*McDonald* v. *W. R. R.*, 34 N. Y., 497, 500; *Goold* v. *Chapin*, 20 id., 259, 264–266; *Lamb* v. *C. and A. R. R.*, 2 Daly, 454–490; S. C., 46 N. Y., 271; *Converse* v. *N. and N. Y. Tr. Co.*, 33 Cow., 167; *Ladue* v. *Griffith*, 25 N. Y., 364–368; *Van Santvoord* v. *St. John*, 6 Hill, 157; *Hunt* v. *N. Y. and E. R. R.*, 1 Hilt., 228; *Dillon* v. *Same*, id., 231; *Fenner* v. *Buff. and S. L. R. R.*, 44 N. Y., 505, 509; *Root* v. *G. W. R. R.*, id., 524–530.) The fact that defendant received the through fare from New York to Sheffield is not sufficient to charge it as principal. (*Straiton* v. *N. Y. and N. H. R. R.*, 2 E. D. S., 184, 186; *Hood* v. *Same*, 22 Conn., 1, 12; *Knight* v. *P. S. and P. R.*, 56 Me., 234, 240; *Lamb* v. *C. and A. R. R.*, 46 N. Y., 282; *Brooke* v. *Grand Tk. R. R.*, 15 Mich., 338.) Defendant had no power to make, in this State, the contract claimed by plaintiff to have been made. (1 R. S., 599, 600; *Hood* v. *N. Y. and N. H. R. R.*, 22 Conn., 1, 502; *Converse* v. *N. and N. Y. Tr. Co.*, 33 id., 179, 180; *Elmore* v. *Naugatuck R. R.*, 23 id., 457; *Naug. R. R.* v. *Waterbury B. Co.*, 24 C. R., 468.) Under its charter defendant's shareholders have only such rights and immunities as the charter, interpreted by the court of Connecticut, gives them. (*Merrick* v. *Van Santvoord*, 34 N. Y., 208; *Bissell* v. *Mich. S. and N. I. R. R.*, 22 id., 258.)

CHURCH, Ch. J. It is very clear, from the facts found by the court, that the plaintiff has a good cause of action for the loss of the baggage of his assignor, and the only question

is whether he has sued the right party.   We have been asked to place the decision in favor of the defendant, upon the ground that it is a Connecticut corporation, and that the courts in that State have decided that it had no power to contract for carrying passengers and baggage or freight beyond the line of its road; and if such is deemed to be the contract in this case, it is *ultra vires.*   (22 Conn., 1, 502; 33 id., 179.)

Although, in the view we take of this case, it is unnecessary to pass upon this point, it is proper to suggest that, for obvious reasons, we should be disinclined to accede to this position.   It is well settled in this State that a railroad corporation may bind itself, by contract, beyond its line.   (45 N. Y., 514; 22 id., 269; 4 Seld., 37; 17 N. Y., 306.)

When the defendant sought and obtained permission of the legislature to continue its line into and transact business in this State, it must be deemed, as to its contracts made here, to possess the powers and be subject to all the liabilities of similar corporations created by this State, as adjudicated by our courts.   It should not be permitted to make a contract valid here and enforcible according to our decisions, and then, when its interests dictated, set up the decisions of Connecticut, holding a want of power as an excuse for its violation.   All obligations of comity are fully discharged in permitting the defendant to build its road and transact its business in this State upon the same footing as like corporations created here. The decisions of Connecticut are exceptional to the general current of authority upon this subject, and in 33 Conn., 180, before cited, I infer from the opinion that the courts in that State are contemplating the propriety of modifying their former decisions " for the sake of uniformity."

We must assume that the defendant had power to contract to carry the plaintiff's assignor and his baggage to Sheffield, which was off from their road and on the Housatonic railroad.

The precise question is whether the defendant did so contract, or rather whether the court was justified in holding from the admitted and undisputed facts that such a contract was not proved.   The defendant received the usual fare from New

York to Bridgeport on its road, and also the fare over the Housatonic road from Bridgeport to Sheffield, in one sum, and gave the person applying two tickets printed together, but easily detached, one purporting on its face to be the defendant's ticket from New York to Bridgeport, and the other the ticket of the Housatonic company from Bridgeport to Sheffield, the latter containing a notice to change cars at Bridgeport; and the defendant also checked the baggage to Sheffield with a check, a duplicate of which was delivered to the owner, marked H. R. R., indicating that it was a check of the Housatonic railroad. It appears, affirmatively, that the baggage was properly transferred by the defendant's employes at Bridgeport to the latter railroad company, and was destroyed while in its possession, under circumstances which render it liable for its value as a common carrier. The facts proved are not merely consistent with an agency on the part of the defendant to sell the Housatonic tickets, but we think they fairly imply such agency. The line was not a continuous railroad route, the cars of the defendant did not pass over the Housatonic road, and there was no fact proved tending to show that the defendant assumed to contract to Sheffield, except the sale of the separate tickets, the receipt of the fare and the use of the Housatonic check. The facts import an agency, and not a contract as principal, and the obligations of the parties are the same as though the tickets had been purchased at the offices of the respective companies. There was no community of interest between the two companies, and it does not appear that the defendant derived any pecuniary benefit from the transaction. The stipulation and finding is that the arrangement to sell tickets was for the mutual *convenience* of passengers and companies. It is obvious that the convenience of passengers would be promoted in saving the care and trouble of rechecking baggage and purchasing a ticket at Bridgeport, and some care and labor would be also saved by the companies. The finding of convenience repels the idea that the arrangement was for a pecuniary or other purpose. The inference is that the two

companies exchanged tickets, and each sold as agent of the other, and furnished the other with checks to be used as occasion required.   The circumstance that the tickets were printed upon the same paper does not change the presumption; that was formal and for mere convenience.   The face of each ticket spoke for itself.   One was the defendant's ticket, and the other was a Housatonic ticket, and persons purchasing such tickets would not infer that the defendant was operating the latter road, or had any other arrangement than an agency to sell tickets, and the use of a check of the latter road would confirm rather than weaken the inference.   If the check had been the defendant's, stamped from New York to Sheffield, there would have been force in the argument of the plaintiff's counsel likening it to a bill of lading issued by the defendant from the former to the latter place, but we do not intend to say what the legal effect would have been. We only intend to decide this case.   The importance to the public of holding the first company liable was pressed upon us upon the argument.   It was conceded that it is competent for one company to sell tickets as the agent of another, in which case the company selling would not be liable where it appeared, as in this case, that the injury was caused by the neglect of another company.   We can see no propriety in straining the rules of law or overturning ordinary presumptions of fact upon the supposed ground that the public will be benefited thereby.   It is conceded that a notice upon the ticket, that the defendant acted as agent in the sale of the Housatonic ticket, would have relieved it of responsibility.   The effect, therefore, of a decision against it, instead of benefiting the traveling public, would only lead to a slight change in the form of the tickets.

The case of *Quimby* v. *Vanderbilt* (17 N. Y., 306) was very much relied upon by the counsel for the plaintiff. This court held in that case that separate tickets were not such contracts as precluded parol evidence that the contract was in fact entire.   DENIO, J., said, "they are quite consistent with a more special bargain," and added,

" we do not say that the receiving of separate tickets for the different lines is not evidence of some weight upon the question whether the contract was. entire, but we hold that it does not come within the rule which excludes parol testimony respecting a contract which has been reduced to writing." In that case there was positive evidence of a verbal contract from New York to San Francisco for a specified sum in gross, and there were various facts and circumstances tending to prove that the contract was entire on the part of the defendant. I agree that a contract might be shown independent of the tickets, and it would be competent to show that the tickets were delivered in pursuance of such contract, and it is unnecessary to say that the tickets would be inconsistent with proof of an entire contract. Here there was nothing proved but the sale of the tickets, the use of the check and the receipt of money; and in holding that, from these facts and that the arrangement was for convenience, the presumption is an agency to sell the Housatonic tickets, we do not collide with anything said or decided in the case referred to. In the case of *Hart* v. *The Rensselaer and Saratoga R. R. Co.* (8 N. Y., 37), the defendant was the last of three connecting railroads between Whitehall and Troy, and was held liable upon the ground that the defendant's agents received the baggage at Whitehall and had charge of it through to Troy. The separate tickets were not material. In *Weed* v. *Saratoga and Schenectady R. R. Co.* (19 Wend., 534), the defendant contracted to Albany and ran its cars the whole distance, but a part of the way over the Mohawk and Hudson River railroad. In *Cary* v. *Cleveland and Toledo Railroad Company* (29 Barb., 35), where the circumstances were similar to those in this case, the court held, upon the point as to a through contract, that it was a question of fact for the jury, and as no request was made to submit it, the decision of the court was not erroneous. In the recent case of *Burnell* v. *The N. Y. C. R. R. Co.* (45 N. Y., 184), the ticket and check were from Palmyra to New York, and the contract was therefore held to be a through contract and

the defendant liable for the negligence of the Hudson River Railroad Company. Each case must depend upon its own facts, but I have been unable to find any authority in this country which holds that the facts in this case constitute in law a contract on the part of the company selling the tickets for the entire route. The decided tendency of the authorities is the other way. (*Knight* v. *Portland, S. and P. R. R. Co.,* 56 Maine, 234; *Brooke* v. *Grand Trunk R. Co.,* 15 Mich., 332; 2 E. D. Smith, 184; *Root* v. *Great Western R. Co.,* 45 N. Y., 524.)

We think the decision of the Special Term was warranted, and that the judgment must be affirmed.

All concur.

Judgment affirmed.