[No. 12120. Department Two. — November 22, 1889.]

## MICHAEL J. KERRIGAN, APPELLANT, v. SOUTHERN PACIFIC RAILROAD COMPANY, RESPONDENT, AND J. PAINE, DEFENDANT.

NEGLIGENCE— LIABILITY OF RAILROAD COMPANY OVER CONNECTING LINES. —A railway company may so issue tickets to places beyond its own line, and so control the transportation of its passengers over connecting lines, as to be answerable as a principal contractor for negligence occurring on any one of the connecting lines; but to establish such liability, it must appear that the railway company contracted as principal for the entire distance, or had some interest in or control over the transportation of passengers by the line in default.

ID. — COUPON TICKET— AGENCY — EXPRESS LIMITATION OF LIABILITY. — If a coupon ticket is sold by a railway company, containing a coupon over a connecting line, which it issues merely as agent for such line, and the main ticket expressly limits the responsibility of the railway company issuing it to its own line, in the absence of any showing that the railway company undertook differently from what appears from the face of the ticket, it is not liable for the negligence of any person in charge of the connecting line.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion of the court.

*B. McKinne,* and *George B. Gillin,* for Appellant.

*W. H. L. Barnes,* for Respondent.

The COURT.—Action for damages for bodily injuries received by plaintiff through the alleged negligence of defendants while carrying plaintiff as a passenger on a stage-coach from Gilroy Hot Springs to Gilroy.

Both defendants answered, but at the trial the defendant corporation only appeared, and after the plaintiff closed his case, it moved for and obtained a nonsuit as to itself. The case was then given to the jury, who returned a verdict for plaintiff against defendant Paine. From the judgment of nonsuit plaintiff appeals.

The facts are as follows: On the several dates hereinafter mentioned, the respondent corporation owned and was operating a steam-railroad for the carriage of passengers and baggage between San José and Gilroy in either direction, and the defendant Paine was the owner of and operating a stage-line between Gilroy and Gilroy Hot Springs, for the carriage of passengers and baggage in either direction. On the 23d of June, 1885, the plaintiff purchased of the respondent a round-trip special excursion ticket from San José to Gilroy Hot Springs and return to San José, entitling him to transportation over the railway and stage-line above mentioned.

The ticket was in the form of a coupon ticket, and had three coupons attached to it. The first provided for one continuous passage from San José to Gilroy; the second for one passage from Gilroy to Gilroy Hot Springs; the third for one passage from Gilroy Hot Springs to Gilroy, and the main ticket for one continuous passage from Gilroy to San José.

Among other matters not material here, the ticket contained on its face the following: "Issued by the Southern Pacific Railroad Company, acting for itself over its own line, and as agent for the line named in

the accompanying checks, but assuming no responsibility beyond its own line. . . . . In consideration of this ticket being sold at a reduced price from the regular first-class rate, it is hereby understood and agreed upon by the purchaser that it will not be good for passage after October 31st of the year indicated by agent's punch-mark in the margin, that it is not transferable, and *no stop-over privileges will be granted."*

These conditions were referred to in each of the coupons.

On the twenty-seventh day of June, 1885, when the appellant was returning from Gilroy Hot Springs to Gilroy upon said ticket, as a passenger on a stage-coach of the stage-line belonging to the defendant Paine, the stage-coach, while descending a steep grade on the road, and making a sharp turn around a bank on one side, was upset against the bank solely through the negligence of the driver, and the appellant was crushed between the bank and stage-coach, and severely injured.

The claim of appellant is, that the respondent, by selling him the ticket from San José to Gilroy Hot Springs *via* Gilroy and return to the first place, undertook as principal to transport him over the connecting stage-line from Gilroy to Gilroy Hot Springs and back to Gilroy, and is liable as such principal for the default of the owner of the stage-line.

Doubtless a railway company may so issue tickets to places beyond its own line, and so control the transportation of its passengers as to be held to have contracted for the entire distance, and, in consequence, be answerable in damages for negligence occurring on any one of the connecting lines. Such is the effect of the following cases cited by appellant, viz.: *Great Western R. R. Co.* v. *Blake,* 7 Hurl. & N. 987; *Buxton* v. *N. E. R'y Co.,* L. R. 3 Q. B. 549; *Ward* v. *Vanderbilt,* 4 Abb. App. 521; *Williams* v. *Vanderbilt,* 28 N. Y. 217; 84 Am. Dec. 333; *Van Buskirk* v. *Roberts,* 31 N. Y. 671;

*Quimby* v. *Vanderbilt,* 17 N. Y. 307; 72 Am. Dec. 469; *McElroy* v. *Nashua R. R. Co.,* 4 Cush. 400; 50 Am. Dec. 794; *Schopman* v. *Boston & W. R. R. Co.,* 9 Cush. 24; 55 Am. Dec. 41; *McLean* v. *Burbank,* 11 Minn. 277; *Carter* v. *Peck,* 4 Sneed, 203; 67 Am. Dec. 604; *Wheeler* v. *San Francisco R. R. Co.,* 31 Cal. 46; 89 Am. Dec. 147.

But we understand the rule to be, that where there are several connecting lines, and the plaintiff seeks, as in the present case, to recover of one for an injury received upon another of the connecting lines, he must establish a contract with the line he endeavors to hold, or that it had some interest in or control over the transportation of passengers by the line in default. ( *Wylde* v. *Northern R. R. Co.,* 53 N. Y. 156; *Penn. R. R. Co.* v. *Schwartzenberger,* 45 Pa. St. 208; 84 Am. Dec. 490; *Penn. R. R. Co.* v. *Connell,* 18 Am. & Eng. R. R. Cas. 339; *Hartan* v. *Eastern R. R. Co.,* 114 Mass. 44; *Brooke* v. *Grand Trunk R'y Co.,* 15 Mich. 332; *Knight* v. *Portland, S. & P. R. R. Co.,* 56 Me. 234; 96 Am. Dec. 449; 2 Redfield on Railways, 6th ed., pp. 313, 314.)

Do the facts in the present case show a contract between the appellant and respondent, whereby the latter undertook to carry the former to Gilroy Hot Springs and back again to San José? The only evidence upon this point is, that the appellant purchased, paid for, and accepted the ticket containing the notice and conditions above set forth, and that he rode upon it from one of the termini to the other and back again. There is not a word to show that the respondent undertook differently from what appears upon the face of the ticket. The sections of the Civil Code cited by appellant refer only to contracts of railroad companies for carriage over their own lines.

The nonsuit was properly granted, and the judgment is affirmed.