after stating the versions of the respective parties, limited his. instructions on the law to the statement that it was incumbent on the plaintiff to satisfy the jury, by a preponderance of evidence, that her injuries were occasioned solely by the negligence of the defendant, without any negligence on her part. Thereupon this colloquy ensued:

"Defendant's Attorney: I ask your honor to charge, if upon the whole case the evidence is equally balanced, either upon the question of the defendant's negligence or the plaintiff's freedom from contributory negligence, they must find a verdict in favor of the defendant. The Court: I will let the jury say. Defendant's Attorney: Will your honor charge that as requested? The Court: I decline. Defendant's Attorney: To your honor's refusal to charge as requested the defendant excepts."

There is nothing in the very brief charge that can be deemed to have covered this request. It was sound in law, and the defendant was entitled to have the jury so instructed. Brockman v. Railway Co., 32 Misc. Rep. 728, 66 N. Y. Supp. 339; Newcomb v. Same (Sup.) 68 N. Y. Supp. 780. The unqualified refusal, as well as the misleading inference involved in the statement, "I will let the jury say,"—implying that they were to determine the consequence attending evenly balanced testimony,—was certainly prejudicial to the defendant, and constitutes reversible error.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.

---

(34 Misc. Rep. 512.)

## JACOBS v. THIRD AVE. R. CO.

(Supreme Court, Appellate Term. April 16, 1901.)

CONNECTING CARRIERS—EJECTION OF PASSENGER—STREET RAILWAYS—TRANSFERS—ERRORS OF INITIAL CARRIER.

A street-railway company is not liable for ejecting a person who presents a transfer ticket from a connecting road which was not acceptable under the reasonable rules of the company, where a mistake in issuing the same was made by an employé of the connecting road; there being no community of enterprise between the two companies, and the business of each being independent.

Appeal from city court of New York, general term.

Action by Isaac Jacobs against the Third Avenue Railroad Company. From a judgment of the general term of the city court of New York (68 N. Y. Supp. 623) affirming a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before BISCHOFF, P. J., and CLARKE and LEVENTRITT, JJ.

Henry L. Scheuerman and Henry Siegrist, Jr., for appellant.
S. Livingston Samuels, for respondent.

BISCHOFF, P. J. The action is for assault, founded upon the act of a conductor in the employ of the defendant in causing the plaintiff to be ejected from one of its street cars on Third avenue. Damages were claimed, also, for an arrest alleged to have been incidental to the ejection, but the accepted theory of the case is

that no unnecessary force was used; and, there being no ground for holding that the arrest was unlawful, the cause of action depends upon the question whether the plaintiff was or was not excused from paying his fare upon his tender of a transfer ticket which had been issued to him by an employé of another corporation, —the Dry-Dock Railroad Company. It appears that the latter corporation and the defendant were parties to an agreement which provided simply that each should carry passengers transferred from the cars of the other, at intersecting points, without extra charge; this being the extent of the recital of the contract admitted by the pleadings, and nothing further being disclosed by the proof. A transfer slip was handed to the plaintiff shortly before his leaving the Dry-Dock car, and he took passage without unnecessary delay upon the defendant's car, but, owing to a mistake made by the first conductor, the slip was not acceptable under the reasonable regulations of the defendant; hence the plaintiff's ejection upon his refusal to pay his fare. The authorities support a cause of action in tort where the obedience of the reasonable rules of the company by one employé in refusing to receive a defective transfer or stop-over ticket, issued through the mistake of another employé of the same company, results in the invasion of an innocent passenger's rights (Muckle v. Railway Co., 79 Hun, 32, 29 N. Y. Supp. 732; Eddy v. Railroad Co., 50 App. Div. 109, 64 N. Y. Supp. 645; Tarbell v. Railroad Co., 24 Hun, 51; Hamilton v. Railroad Co., 53 N. Y. 25; Ray v. Traction Co., 19 App. Div. 530, 46 N. Y. Supp. 521); but the liability of the common employer in such a case is traced directly to the mistake of the servant whereby the wrong was caused. In the case at bar the defendant's servant was justified in the attitude assumed towards the plaintiff. There was no such community of enterprise upon the part of these two corporations as would suffice to charge the defendant with the consequences of the neglect upon the part of the Dry-Dock Company's employés. The business of each company was wholly independent of the other, and, so far as is shown, there was no common interest in the fares received, nor in identity of management, such as would be essential to the imposition of the liability sought to be asserted in this action. Am. & Eng. Enc. Law (2d Ed.) 655, 657, 658; Milnor v. Railroad Co., 4 Daly, 355; Id., 53 N. Y. 368. The plaintiff's contract was with the Dry-Dock Company, whose duty to him probably included the issuance of a valid transfer slip; but, as against the appellant, his rights are no stronger than they would have been if, instead of receiving a defective transfer slip, he had been refused one altogether by the Dry-Dock Company, and had sought to justify the omission to pay his fare to the defendant by the assertion of the Dry-Dock Company's default. If it be assumed that the plaintiff could treat the contract between the companies as made for his benefit, there was still no failure of performance upon the defendant's part; for it was required only to transport passengers who had been duly transferred, and, through the error of the Dry-Dock Company, the plaintiff was not thus qualified. The recovery below was without support upon the

record, and the exceptions taken amply present the questions of law upon which the soundness of the verdict depends.

Judgment reversed and new trial ordered, with costs to appellant to abide the event. All concur.